UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | *  |
|  | *  CRIMINAL No. 22-223 |
| VERSUS | *  |
|  | *  SECTION: "A"(4) |
| PATRICK S. HAYDEL | *  |
|  | *  |
|  | *  |
|  | *  |

**ORDER AND REASONS**

Before the Court is Defendant Patrick Haydel's **Motion for Forfeiture and Restitution Credit for Prior Payments to IRS and Other Payments (Rec. Doc. 145)**. The United States of America ("the Government") opposes the motion **(Rec. Doc. 154)**. This Motion is considered on the briefs without oral argument. The Court **DENIES IN PART AND GRANTS IN PART** Defendant's motion for the reasons set forth below.

**Background**

On January 10, 2025, Patrick Haydel, owner and President of HealthPro, pled guilty to one count of health care fraud.[1] Three other individuals and companies were listed as co-conspirators in Mr. Haydel's Bill of Information.[2] One co-conspirator has a case pending in the Eastern District of Louisiana,[3] and the other two have pled guilty to health care fraud in federal court.[4]

---

[1] Rec. Doc. 20, Plea Agreement.
[2] Rec. Doc. 1, Bill of Information.
[3] *United States v. Lake*, No. 24-234 (E.D. La. Oct. 18, 2024).
[4] Rec. Doc. 145-1, Mem. in Support of Patrick Haydel's Mot. for Forfeiture and Restitution Credits, at 4.

1

Pursuant to the Mandatory Victim's Restitution Act (MVRA), Mr. Haydel agreed to pay restitution to Medicare in the amount of $13,835.417.36.[5] He also agreed to a general forfeiture. On October 22, 2024, the Court imposed a Forfeiture Money Judgment of $2.8 million.[6] (Rec. Doc. 89). Mr. Haydel previously delivered a cashier's check for $571,074 to the U.S. Marshals Service, bringing the amount subject to forfeiture to $2,228,926.00.[7]

On February 21, 2025, the Government filed a motion seeking to include the following substitute assets in the Forfeiture Money Judgment:

1. $440,184.00 (Check payable to U.S. Government from the sale of Haydel's condo in Watercolors, Florida)
2. $45,100.00 (Payment to Bonding Company for Return of DME)
3. $188,926.00 (Amount of Return of DME)
    - Total: $674,210.00[8]

Mr. Haydel and the Government agree that $674,210.00 has been applied to the Preliminary Order amount of $2,228,926.00.[9] So, the remaining amount subject to forfeiture is $1,554,716.00.[10]

On top of the assets already seized for forfeiture, Mr. Haydel has also been paying $2,000 a month towards his $13,835,417.36 restitution balance. The Government calculates that with these monthly payments, his balance has been

---

[5] *Id.* at 2 & 4.
[6] Rec. Doc. 89, Preliminary Order of Forfeiture Money Judg. and Order for Substitute Assets.
[7] *Id.*
[8] Rec. Doc. 111, Mot. for Amend. Forfeiture Money Judg. and Stipulation to Forfeiture and Restitution, at 1.
[9] Rec. Doc. 145 at 2; Rec. Doc. 154, U.S.' Opp. to Mot. for Forfeiture and Restitution Credits, at 2
[10] Despite acknowledging that the $674,210 has been applied to the forfeiture judgment, the Government says that approximately $2.2 million remains. Rec. Doc. 154 at 2. This appears to be a mistake and does not account for the $571,074.00 paid to the U.S. Marshal Service prior to the Court's Preliminary Order of Forfeiture Money.

brought down to $13,821,317.36. Mr. Haydel does not contest this calculation or the fact that he still owes approximately $13 million in restitution to Medicare.

**Discussion**

Mr. Haydel filed this motion seeking (1) credit towards his $13 million restitution balance for the amount already seized to satisfy his forfeiture judgment; (2) credit toward both restitution AND forfeiture for the payment of income taxes and Capital Gains taxes; and (3) credit for the liability of the co-conspirators that were listed in the factual basis.[11]

The Government opposes this motion arguing that (1) restitution and forfeiture are distinct remedies; (2) the IRS is a separate entity from Medicare. No law authorizes the Court to credit taxes towards forfeiture or restitution because the IRS is not an identifiable victim in this case; and (3) joint and several liability is inapplicable here because Mr. Haydel is the only person responsible for the loss to Medicare.

a) *Credit For Forfeited Funds Towards Restitution Balance*

There is nothing in the record to support Mr. Haydel's assertion that "the $13 million in Restitution includes the $2.8 million in Forfeitures Order by the Court" and "therefore credit should be applied to both Orders."[12] The Fifth Circuit, and the majority of other Circuit Courts of Appeal, have held that forfeiture and restitution are separate and distinct parts of a defendant's sentence, that they are both mandatory, and that they each serve a different purpose. *United States v. Taylor,* 582

---

[11] Rec. Doc. 145.
[12] Rec. Doc. 145-1 at 1-2.

F.3d 558, 566 (5th Cir. 2009) (collecting cases). Restitution intends to compensate a victim for its loss. While forfeiture is punitive; it seeks to disgorge the offender from his ill-gotten gains. *Id.* at 565 (citing *United States v. Webber,* 536 F.3d 584, 602–03 (7th Cir.2008)).

When the amount forfeited to the government is equal to or greater than the amount of restitution ordered, a defendant can satisfy both his forfeiture order and restitution order by paying only the forfeiture order, <u>if the Department of Justice decides to use forfeited money to pay the victim</u>.[13] The Court cannot compel the Government to pay forfeited money to a victim in lieu of restitution. *See United States v. Sanjar*, 876 F.3d 725, 751 (5th Cir. 2017). Only the Attorney General or his designee may authorize the credit of forfeited funds towards the Restitution Order. *Id.* (citing 21 U.S.C. § 853(i)(1)). Under the authority of the Attorney General, the Chief of the Money Laundering and Asset Recovery Section ("MLARS") of the Department of Justice may allow the forfeited funds to be applied to the outstanding Restitution Order. *See Taylor* 582 F.3d at 586. The Fifth Circuit has said in dicta that it has "difficulty seeing why amounts the Department of Justice collects through forfeiture should not be transferred to the victim agency." *Sanjar*, 876 F.3d at 751. However, Congress is clear that neither the Court, nor the Assistant United States Attorney, has the authority to order or agree that forfeited assets be used to satisfy Mr. Haydel's restitution obligation.[14] *Id.*

---

[13] Scott Gilbert, *The Double Whammy: Paying a Forfeiture Judgment and a Restitution Judgment in a Single Criminal Case*, ABA CJS White Collar Crime Committee Newsletter (2018).
[14] On October 27, 2025, the Court contacted the Eastern District of Louisiana's Financial Specialist who notified the Court that the restoration request was still under review by MLARS.

4

*b) Credit For IRS Payment Towards Both Forfeiture and Restitution Balance*

Mr. Haydel also seeks credit toward both the forfeiture and restitution amount from the federal income taxes he paid on proceeds from the fraudulent "kickbacks" he provided, and Capital Gains taxes he paid to the IRS through the sale of his Florida Condo.[15] As the Government noted in its opposition, there is no legal authority that would allow the Court to deduct the federal income taxes Mr. Haydel paid from either his forfeiture or restitution.[16] The MVRA requires that restitution be ordered to an identifiable victim directly and proximately harmed as a result of the defendant's conduct. *See United States v. Kasali*, 111 F.4th 637, 649 (5th Cir. 2024) (citing 18 U.S.C. § 3663A, et seq.) There is no dispute that Medicare is the victim to whom Mr. Haydel owes restitution, not the IRS. A credit for taxes paid to the IRS would mean that Medicare is not wholly compensated for its losses—an outcome incompatible with the purpose of the MVRA.

For similar reasons, the Court rejects Mr. Haydel's request to credit his Forfeiture Judgment for his IRS payments because it would subvert the punitive purpose of forfeiture. Although the Court could not find case law directly on point, the Fifth Circuit has addressed a similar issue in *Wood v. United States*, 863 F.2d 417, 421 (5th Cir. 1989). The circuit court held that a criminal who forfeited his assets acquired with drug money and paid income tax on the forfeited assets was not allowed a tax deduction on those proceeds. *Id.* at 421. The court reasoned that "allowing a loss

---

[15] Rec. Doc. 145-1 at 2-3.
[16] Rec. Doc. 154 at 4.

deduction would certainly 'take the sting' out of a penalty intended to deter drug dealing." *Id.* at 422. The same logic applies here.

    c) *Credit For Forfeiture and Restitution Payments by Conspirators*

Finally, Mr. Haydel requests that the Government provide to the Court an accounting of all payments towards restitution and forfeiture orders by other conspirators listed in Mr. Haydel's Bill of Information, so that he may receive credit for any payments made by them.[17] The Fifth Circuit has held that generally, co-conspirators subject to criminal forfeiture are held jointly and severally liable for the full amount of the proceeds of the conspiracy. *United States v. Nagin,* 810 F.3d 348, 353 (5th Cir. 2016) (citing *United States v. Edwards*, 303 F.3d 606, 643 (5th Cir. 2002)). A co-conspirator, however, may not be held jointly and severally liable for the judgment if he received none of the illicit property. *See Honeycutt v. United States*, 581 U.S. 443, 447–50 (2017). Mr. Haydel admitted that he "personally profited in the amount of $2.8 million" from his participation in the scheme.[18] So, joint and several or co-conspirator liability does not apply to the Forfeiture Money Judgment, and Mr. Haydel remains solely responsible for the $2.8 million in proceeds he actually acquired. *See Sanjar*, 876 F.3d at 749.

The MVRA also affords district courts the discretion to apportion restitution among co-conspirators who contribute to a victim's loss:

> If the court finds that more than 1 defendant has contributed to the loss of a victim, the court may make each defendant liable for payment of the full amount of restitution or may apportion liability among the

---

[17] Rec. Doc. 145-1 at 4.
[18] Rec. Doc. 21, Factual Basis, at 6.

> defendants to reflect the level of contribution to the victim's loss and economic circumstances of each defendant.

18 U.S.C. § 3664(h). Further, under the statute, "members of a conspiracy may be 'held jointly and severally liable for all foreseeable losses within the scope of their conspiracy regardless of whether a specific loss is attributable to a particular conspirator.'" *United States v. King*, 93 F.4th 845, 854 (5th Cir.2024), cert. denied sub nom. *Diggs v. United States*, 145 S.Ct. 213 (2024) (quoting *United States v. Ochoa*, 58 F.4th 556, 561 (1st Cir. 2023)).  However, courts may not award restitution that would result in the victim receiving more than their actual loss. *United States v. Sheets*, 814 F.3d 256, 260–61 (5th Cir. 2016). This means that although the Court may make each defendant liable for the full amount taken[19], "each defendant's liability ends when the victim is made whole." *Id.* (quoting *United States v. Scott*, 270 F.3d 30, 52–53 (1st Cir. 2001).

The Fifth Circuit is clear that "the government may not collect more from all defendants together than will make the victim whole." *Id.* at 261 This is true even in situations where the co-conspirators are found guilty in separate proceedings. *See Sheets* 814 F.3d at 258. So, the Government must disclose an accounting of all payments towards restitution made by other conspirators to ensure that the

---

[19] The Fifth Circuit held "even where liability of each defendant overlaps and the total amount that they are held liable for exceeds the victim's total injury, the MVRA permits the [g]overnment to hold any individual defendant liable for as much as the court ordered as to *that* defendant, but the government may not collect more from all defendants together than will make the victim whole." *Sheets*, 814 F.3d at 261.

7

restitution award paid by Mr. Haydel does not exceed Medicare's actual loss and thus does not exceed the maximum statutory amount. *See Id.* at 261-262.

Accordingly;

**IT IS ORDERED** that the **Motion for Forfeiture and Restitution Credit for Prior Payments to IRS and Other Payments (Rec. Doc. 145)** filed by Defendant Patrick Haydel is **DENIED IN PART** as to the request to credit forfeited funds toward the restitution balance and to credit IRS payments to both the forfeiture and restitution balances. The Motion is **GRANTED IN PART** as to Defendant's request that the Government provide an accounting of all payments towards restitution orders made by other conspirators listed in Mr. Haydel's Bill of Information.

December 12, 2025

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE